**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **3-CR-15-0214** |
| **v.** | : | |
| | : | **(JUDGE MANNION)** |
| **JORDAN CAPONE,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court is defendant Jordan Capone's counseled motion to dismiss four Counts in the Second Superceding Indictment against her due to multiplicity. (Doc. 593). Defendant Capone claims that Counts 8-11 of the Second Superseding Indictment should be dismissed as multiplicitous because they charge a single offense, namely, conspiracy, in multiple counts. For the reasons set forth below, the court will **DENY** the motion.

### I.  BACKGROUND

By way of relevant background, on January 30, 2018, Capone, a/k/a "Angel", along with others, were indicted and charged in a Second Superseding Indictment with: conspiracy to distribute in excess of 100 grams of heroin, crack cocaine, molly, Percocet, and marijuana, 21 U.S.C. §846; possession with intent to distribute molly, 21 U.S.C. §841(a)(1); conspiracy to commit sex trafficking by force, fraud, and coercion, 18 U.S.C. §1594(c); and four substantive counts of sex trafficking by force, fraud, and coercion, 18

1

U.S.C. §1591(a) and (b)(1) and 2. Specifically, Capone is charged with conspiracy to commit sex trafficking by force, fraud, and coercion in Count 7. Count 7 also contains a section that specifies 15 overt acts which were allegedly committed in furtherance of the conspiracy as well as the relevant dates that the overt acts were committed. In Counts 8-11, Capone is charged with substantive offenses of sex trafficking by force, fraud and coercion against the individual victims. (Doc. 504).

On January 31, 2018, Capone was arraigned and pled not guilty to all counts of the Second Superseding Indictment against her. (Doc. 514). The defendant was then detained, (Doc. 522).

On March 8, 2016, Capone filed a *nunc pro tunc* Motion to Dismiss Counts 8-11 of the Second Superseding Indictment based on Multiplicity, (Doc. 593), and her brief in support of her motion, (Doc. 594). Capone claims that the allegations contained in Counts 8, 9, 10, and 11 of the Indictment are duplicative and that the government has impermissibly charged a single criminal offense, namely, that "she acted in concert and agreement with other co-defendants to commit sex trafficking offenses against all of the same victims", which offense is contained in Count 7, Conspiracy to Commit Sex Trafficking, in multiple counts, i.e., Counts 8-11. Capone requests the court to dismiss Counts 8-11 as multiplicitous and to order the government to proceed on the single count of conspiracy charged in Count 7.

The government filed its briefs in opposition to Capone's motion on

March 19, 2018. (Doc. 601).

Capone did not file a reply brief regarding her motion and the time within which to do so has expired pursuant to MDPA LR 7.7.

**II.  DISCUSSION**

"In deciding a motion to dismiss, [the court] must accept factual allegations [in the Indictment as true] and disregard legal conclusions to determine whether the alleged facts constitute a crime." U.S. v. Harder, 168 F.Supp.3d 732, 737 (E.D.Pa. 2016)(citing U.S. v. Zauber, 857 F.2d 137, 144 (3d Cir. 1988)). Also, the court "must dismiss counts based on a statutory misinterpretation." Id. at 738 (citing U.S. v. Enmons, 410 U.S. 396, 93 S.Ct. 1007 (1973) ("dismissing indictment when statute does not proscribe the conduct charged"); U.S. v. Ferriero, 2015 WL 225806, *5 (D.N.J. Jan. 15, 2015)("a district court must find that 'a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'")(citations omitted). "A motion to dismiss is 'not a permissible vehicle for addressing the sufficiency of the government's evidence.'" Id. (quoting U.S. v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000)).

In [U.S. v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989)](), the Third Circuit stated, "[a]n indictment is generally deemed sufficient if it: (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the

3

defendant of what he must be prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." (internal quotations and citations omitted)." *See also* Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (citation omitted); United States v. Olatunji, 872 F.2d 1161, 1168 (3d Cir. 1989). The court in *Rankin* also stated that "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." Id. (citations omitted).

The court now addresses Capone's motion to dismiss Counts 8-11 of the Second Superseding Indictment as multiplicitous. In her motion, Capone argues that Counts 8-11 should be dismissed because they join four substantive counts of sex trafficking offenses as objects of the same conspiracy to commit sex trafficking which was charged in Count 7 under 18 U.S.C. §1594(c). Capone claims that the objects alleged by the conspiracy count (Count 7) included the allegations of sex trafficking contained in Counts 8-11. She contends that the government should only be allowed to proceed on Count 7 since Counts 8-11 are based on the same allegations and require the same proof and, thus are multiplicitous.

The court in United States v. Tartaglione, 228 F.Supp.3d 455, 459

4

(E.D.Pa. 2017), explained multiplicity as follows:

> Multiplicity is the charging of the same offense in two or more counts of an indictment. United States v. Kennedy, 682 F.3d 244, 254-55 (3d Cir. 2012). A multiplicitous indictment "may lead to multiple sentences for a single violation." United States v. Carter, 576 F.2d 1061, 1064 (3d Cir. 1978). Multiple sentences for a single violation are prohibited by the Double Jeopardy Clause. United States v. Stanfa, 685 F.2d 85, 87 (3d Cir. 1982) (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). The purpose of the constitutional protection against duplicative punishment is "to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature." Kennedy, 682 F.3d at 255. "Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. When Congress intended ... to impose multiple punishments, imposition of such sentences does not violate the Constitution." Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). When legislative intent is unclear, courts apply the test articulated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The government applies the *Blockburger* test to determine if the offenses against Capone charged in Counts 8-11 are multiplicitous. The Court stated in Blockburger, 284 U.S. at 304, that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." "Under the *Blockburger* test, a trial court looks to the statutory elements of the crimes charged to determine if there is any overlap." Tartaglione, 228 F.Supp.3d 460 (citing United States v. Chorin, 322 F.3d 274

(3d Cir. 2003)). The second inquiry regarding the multiplicity test "is whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts." Stanfa, 685 F.2d at 87.

In Iannelli v. Untied States, 420 U.S. 770, 787 n. 17, 95 S.Ct. 1284 (1975), the Court stated that "the Court's application of the [*Blockburger*] test focuses on the statutory elements of the offense", and that "[i]f each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." As such, the court "must compare the elements of each charged offense to determine if each one requires proof of a fact that the other does not." Tartaglione, 228 F.Supp.3d 460. If each offense charged in Counts 8-11 requires proof that the other counts, including Count 7, do not, then the *Blockburger* test is satisfied, and the offenses in Counts 8-11 are not multiplicitous. *See id.*

Moreover, "[t]he *Blockburger* test is a tool for determining whether Congress intended to separately punish violations of distinct statutory provisions, and is therefore inapplicable where a single statutory provision was violated." U.S. v. Rigas, 605 F.3d 194, 204 (3d Cir. 2010).

Capone claims that Counts 8-11 of the Second Superseding Indictment against her should be dismissed because they are multiplicitous of the charge in Count 7 arguing that Counts 8-11 essentially charge "the exact same conspiracy that is alleged in Count 7." She states that "Counts 8 through 11

6

list all co-defendants as joint actors in committing the same criminal conduct." Capone also argues that the government will "offer the same evidence alleged in the manner and means paragraphs and the overt acts paragraphs of Count 7, in order to support their case for Counts 8 through 11" and, that "the elements that the government will have to prove based on their charging language in Counts 8 through 11 are identical to those elements they will have to prove in order to support a conviction for Count 7." Further, Capone maintains that the Indictment is multiplicitous because Counts 8-11 allege a continuous course of conduct rather than separate offenses.

In this case, Capone is charged with violating four statutory provisions of sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §1591(a) and (b)(1) and 2, in addition to the conspiracy offense charged in Count 7. Count 7 alleges the conspiracy to commit sex trafficking and it describes the acts taken in furtherance of the conspiracy, and then Counts 8-11 contain the distinct acts of sex trafficking Capone allegedly committed against the individual victims which are charged as substantive violations. The court finds that each offense charged in Counts 8-11 requires the government to prove an element that the others do not and that these Counts require different proof than the conspiracy Count. As the government states, "conspiracies and the substantive offenses committed in the course of those conspiracies are separate offenses and may be charged separately and, therefore, are not mulitiplicitous." Further, the court finds that Counts 8-11

allege separate offenses and not continuing conduct.

Conspiracy to commit sex trafficking by force, fraud, and coercion, 18 U.S.C. §1594(c), provides that "[w]hoever conspires with another to violate [18 U.S.C. §] 1591 shall be fined under this title, imprisoned for any term of years or for life, or both."

Section 1591 provides in relevant part:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act ... shall be punished....

Here, each of the substantive offenses alleged in Counts 8-11 under §1591 was one of the offenses Capone allegedly committed during the course of the conspiracy charged in Count 7. As the government explains:

Each charge [in Counts 8-11] also requires proof of a fact not required by the other count. The conspiracy to commit sex trafficking charge (Count 7) requires proof of an agreement to commit sex trafficking, but does not require proof that victims were in fact sex trafficked. Each substantive offense (Counts 8-11) does not require proof of an agreement, but does require proof that a particular victim was in fact sex trafficked.

Additionally, Counts 8-11 each charge conduct towards a separate

8

victim. Also, under §1591(a), the government must prove that Capone knew or recklessly disregarded that force, threats of force, fraud, or coercion would be used on the victims.

"It is settled law that the commission of a substantive offense and the conspiracy to commit that offense are distinct, separately indictable charges." United States v. Temple, 261 F.Supp.3d 971, 982 (E.D.Mo. 2017) (citing United States v. Singer, 660 F.2d 1295, 1303 (8th Cir. 1981)(rejecting multiplicity argument and explaining that "[i]t is firmly established that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses"); United States v. Graham, 548 F.2d 1302, 1310 (8th Cir. 1977)(noting that "[i]t is permissible and also customary to join a conspiracy count with separate substantive counts").

Based on the above stated statutory provisions and the plain language of the statutes, it is also apparent that Congress "intended to make separately punishable the different types of conduct referred to in [Counts 7, and Counts 8-11]." The plain language of §1594(c) demonstrates that Congress intended to allow distinct and affirmative acts of sex trafficking by force, fraud, and coercion that were the object of the conspiracy to constitute separate offenses under §1591(a) and (b)(1) and 2.

The court finds that multiplicity has not occurred in this case as Capone contends since the government has not improperly charged the same offense,

i.e., conspiracy in Count 7, in multiple counts, i.e., Counts 8-11. Thus, Counts 8-11 are not mulitiplicitous of Count 7.

Finally, the government states that even though Capone is charged as an aider and abettor in Counts 8-11, it is still allowed to charge her with conspiracy in Count 7 in addition to separately charging her with the substantive offenses that were the object of the conspiracy in Counts 8-11 of the Indictment.

In U.S. v. Newbern, 451 Fed.Appx. 242, 245 (3d Cir. 2011), the Third circuit stated:

> To obtain a conviction for aiding and abetting, the government must prove that: (1) the substantive crime has been committed; (2) the aider or abettor knew that the principal was committing the crime; (3) the aider or abettor had the purpose to aid; and (4) the aider or abettor actually rendered aid or assistance.

(citing United States v. Nolan, 718 F.2d 589, 592 (3d Cir.1983)).

In U.S. v. Foreman, 87 Fed.Appx. 107, 110 (10th Cir. 2004), the Tenth Circuit Court stated that the Supreme Court in Pinkerton v. United States, 328 U.S. 640, 647-48, 66 S.Ct. 1180 (1946), "held [that] the foreseeable crimes of one co-conspirator committed in furtherance of the conspiracy may be imputed to another co-conspirator even though the latter does not participate in or know of the crimes." The Court in *Foremen, id.*, then explained:

> [C]ircuit courts [ ] have uniformly held a jury may find a co-conspirator indicted as an aider and abettor guilty of the substantive crimes pursuant to a *Pinkerton* instruction. *See, e.g.*, United States v. Comeaux, 955 F.2d 586, 591 (8th Cir.1992);

10

United States v. Meester, 762 F.2d 867, 878 (11th Cir.1985); United States v. Redwine, 715 F.2d 315, 322 (7th Cir.1983). We have no quarrel with these decisions because aiding and abetting under 18 U.S.C. §2 makes one who aids and abets equally responsible for the substantive crime "as a principal." Defendants who commit substantive crimes in furtherance of a conspiracy and defendants who aid and abet routinely are co-conspirators.

Thus, it is of no moment that Capone is charged as an aider and abettor in Counts 8-11, and the government can also charge her with conspiracy.

### III. CONCLUSION

For the foregoing reasons, the court will **DENY** defendant Capone's motion to dismiss Counts 8-11 of the Second Superseding Indictment, (Doc. 593). An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 5, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2015 CRIMINAL MEMORANDA\15-0214-02.wpd