# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **3-CR-15-214** |
| v. | : | |
| | | **(JUDGE MANNION)** |
| | : | |
| **JORDAN CAPONE,** | | |
| | : | |
| Defendant | | |

## MEMORANDUM

Before the court is the motion to quash subpoenas issued by defendant Jordan Capone filed by the Supervising Judge of the Monroe County Grand Jury, President Judge Margherita Patti Worthington, and the Chief of the Monroe County Probation Office, Bernard Sikorski. (Doc. 731).

Capone issued a subpoena on October 4, 2018 to the Supervising Judge directing the judge to testify in her federal criminal trial and to bring "the transcript of the testimony of Sheryl Patishnock before a Monroe County Investigating Grand Jury on or about April 29, 2014." (Doc. 731-2, Ex. A). Also, on October 4, 2018, Capone issued a subpoena to the "Executive Director, Monroe County Juvenile Probation Office" to appear and testify at her criminal trial and to bring with him the following: "All juvenile records pertaining to JORDAN CAPONE, including dates and places of juvenile detention showing admission and discharge dates", when she was under juvenile detention/supervision between 2010 and 2012. (Doc. 731-2, Ex. B).

For the reasons set forth below, the motion to quash Capone's

1

subpoenas will be **GRANTED IN PART**. The court will **GRANT** the motion to quash with respect to the subpoena issued to Judge Worthington seeking the Judge to produce the grand jury transcript of Sheryl Patishnock's testimony, and it will **GRANT IN PART** and **DENY IN PART** the motion to quash with respect to the subpoena issued to Sikorski.

**I.     BACKGROUND**[1]

On August 28, 2018, Arthur Taylor and Jordan Capone, were indicted and charged in a Third Superseding Indictment ("TSI"). (Doc. 690). Capone was charged with conspiracy to distribute in excess of 100 grams of heroin, crack cocaine, molly, Percocet, and marijuana, 21 U.S.C. §846; possession with intent to distribute molly, 21 U.S.C. §841(a)(1); conspiracy to commit sex trafficking by force, fraud, and coercion, 18 U.S.C. §1594(c); and four substantive counts of sex trafficking by force, fraud, and coercion, 18 U.S.C. §1591(a) and (b)(1) and 2.

Both Taylor and Capone are charged with conspiracy to commit sex trafficking by force, fraud, and coercion in Count 3. Count 3 also contains a section that specifies 15 overt acts which were allegedly committed in furtherance of the conspiracy as well as the relevant dates that the overt acts were committed. The TSI also alleges that the defendants conspired to violate

---

[1]Since the court stated the background of this case in its April 26, 2018 Memorandum, (Doc. 625), and in its November 7, 2018 Memorandum, (Doc. 744), it will not be fully repeated herein.

§1591 and maintained four victim-witnesses by force to engage in commercial sex acts. In Counts 4-7, defendants are charged with substantive offenses of sex trafficking by force, fraud and coercion against the individual victims. (Doc. 690).

On September 5, 2018, Taylor and Capone were arraigned and pled not guilty to all counts of the TSI against them. (Doc. 701).

On October 4, 2018, Capone issued her subpoenas to Judge Worthington and Sikorski. Judge Worthington and Sikorski filed their motion to quash on October 22, 2018, along with their brief in support. (Docs. 731 & 732). After being granted an extension of time, Capone filed her brief in opposition on November 16, 2018. (Doc. 758). Judge Worthington and Sikorski did not file a reply brief and the time to do so has lapsed.

Although the subpoenas commanded Judge Worthington and Sikorski to appear for Capone's trial on November 13, 2018, subsequent to their issuance, the court granted defendants' motion to continue the trial and re-scheduled it for January 28, 2019. (Docs. 735 & 736).

## II. LEGAL STANDARD

Capone issued her subpoenas under Fed.R.Civ.P. 45 to Judge Worthington and Sikorski. Fed. R. Civ. P. 45 authorizes parties to serve subpoenas on parties or non-parties commanding the production of books, documents, electronically stored information, or tangible items. In their motion to quash, Judge Worthington and Sikorski appear to rely upon Rule

3

45(d)(3)(iii). Fed.R.Civ.P. 45(d)(3) requires that a court quash or modify a subpoena, "upon timely motion," for 1) failing to provide a reasonable time to comply; 2) requiring a person to comply beyond the geographical limits as stated in the Rules; 3) requiring "disclosure of privileged or other protected matter"; or 4) subjecting a person to an "undue burden."

The court in Green v. Cosby, 216 F.Supp.3d 560, 563 (E.D.Pa. 2016), explained:

> Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery, stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This broad rule is limited in part by Rule 45(d)(3), [ ].
> Fed.R.Civ.P. 45(d)(3).

"Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005). Evaluation of relevancy follows from the rule that a subpoena may only seek information that is discoverable, i.e., information that is not privileged and relevant to the claim or defense of any party, Fed. R. Civ. P. 26(b)(1), "or if the court has broadened the scope of discovery, relevant to the subject matter involved in the action," Prac. Guide Fed. Civ. Proc. Before Trial (5th Cir.) Ch. 11(IV)-F (quotation omitted). The Third Circuit has upheld district court orders quashing subpoenas due to the responding party's failure to demonstrate the relevance of the desired information. *See* Smith v. BIC Corp., 869 F.2d 194,

4

202 (3d Cir. 1989); Ekhato v. Rite Aid Corp., 529 F. App'x 152, 154 n.3 (3d Cir. 2013).

**III. DISCUSSION**

*1. Motion to Quash Subpoena for Grand Jury Transcript*

Capone issued her subpoena to Judge Worthington to appear at her criminal trial to testify and to bring the transcript of the April 29, 2014 testimony of Sheryl Patishnock before a Monroe County Investigating Grand Jury. Initially, Capone states that she does not seek the appearance or the testimony of Judge Worthington at her trial. Thus, initially the court will grant Judge Worthington's motion to quash Capone's subpoena to the extent that it seeks the judge's appearance and testimony at Capone's federal criminal trial. Insofar as Capone subpoenaed Judge Worthington to produce the transcript of Patishnock's grand jury testimony, the court conducted a conference call with Capone's counsel and the United States Attorney. Since the United States Attorney has a copy of the transcript of Patishnock's grand jury testimony, it was agreed by the parties that the government will produce the transcript to Capone's counsel as Jencks Act material at the appropriate time.[2]

---

[2]In U.S. v. Yawson, 2014 WL 3401663, *3, (W.D.Pa. July 10, 2014), the court explained the Jencks Act:

> The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce

5

As such, the court will **GRANT** the motion to quash the subpoena issued to Judge Worthington seeking production of the grand jury transcript of Sheryl Patishnock's testimony since that material is presently in the possession of the United States Attorney and therefore subject to the provisions of the Jencks Act.

### *2. Motion to Quash Subpoena for Capone's Juvenile Court Records*

Capone issued a subpoena to the Executive Director of the Monroe County Juvenile Probation Office, identified now as Sikorski, and requested her own juvenile court records, relating to the dates and places when she was in juvenile detention from 2010 through 2012, stating that she needs these

---

"any statement ... of the witness in the possession of the United States which relates to the subject mater as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012).

Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

6

records since they are "the best evidence that [she] can offer in her defense regarding her alleged presence in Monroe County during some of the time period charged in her federal indictment." (Doc. 758 at 5).

Once again, Capone initially points out that she does not seek Sikorski to appear and testify at her criminal trial. Thus, the court will **GRANT** Sikorski's motion to quash Capone's subpoena to the extent that it seeks his appearance and testimony at Capone's federal criminal trial.

With respect to the subpoena for the production of Capone's juvenile records, Sikorski states that "Rule 161A of the Pennsylvania Rules of Juvenile Court Procedure, which pertains to inspecting, copying and disseminating juvenile probation files, provides in relevant part that the files are available to 'the juvenile's attorney' and 'any other person, agency or department by order of the court.'" (Doc. 731 at 4). Sikorski points out that Capone's defense counsel is not the juvenile's attorney since she is no longer a juvenile and, that he is not representing her in a juvenile proceeding.

Further, Sikorski states that "Section 6307 of the Juvenile Act, 42 Pa.C.S. §6301, *et seq.*, provides that juvenile records are open to inspection only by those enumerated in the statute, which includes: 'the judges, officers and professional staff of courts of other jurisdictions when necessary for the discharge of their official duties,' [§307(a)(6.1 )], with the proviso that '(t)he parties to the proceeding and their counsel and representatives, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in a social report,

except at the discretion of the court.' [§6307(a)(2)]." (Id. at 5).

Sikorski then states that "[s]ince Pennsylvania law pertaining to juvenile probation records renders evident that juvenile records can only be selectively relinquished, they should not be released without an Order from this Honorable Court, which is in a position to balance the need for the juvenile's privacy against the relevance of those records to the proceedings in this case." (Id. at 8).

Capone states that under §6307 of the Juvenile Act, she was a party to the juvenile proceeding and she is entitled to access to her own juvenile record since they will support her defense to the charges in the present case. As such, Capone seeks Sikorski to produce her own juvenile records. She states that since she is entitled to her records, her defense counsel in the present case should also be allowed access to them since he is representing her in a court proceeding and these records are relevant in that proceeding.

The Juvenile Act "protect[s] the confidentiality of juvenile law enforcement and court records." O'Neill v. Kerrigan, 2013 WL 654409, *3 (E.D.Pa. Feb. 22, 2013). "Unlike adult records, juvenile records are widely protected from disclosure under federal and state law, including the provisions of Pennsylvania's Juvenile Act [ ]." Id. at *8 (citing Smith v. Daily Mail Publ'g Co., 443 U.S. 97, 105, 99 S.Ct. 2667 (1979) (Supreme Court noted "all 50 states have statutes that provide in some way for confidentiality [of juvenile proceedings]").

"Under Pennsylvania law, there is a compelling interest in protecting

minor children's privacy rights and the protection of a minor child's privacy is a key aspect of the Juvenile Act, Pa.C.S. §6301, *et seq*." Doe v. Upper St. Clair School Dist., 2010 WL 723550, *1 (W.D.Pa. Feb. 26, 2010) (citing In re M.B., 819 A.2d 59, 65 (Pa.Super. 2003)). "The Act demonstrates Pennsylvania's 'compelling interest in safeguarding children involved in juvenile proceedings.'" Id. Further, "[o]nly persons 'having a legitimate interest in the proceedings' may have access to the information, but only with prior approval of the court." Id. (citing 42 Pa.C.S. §6307(7)).

In Pearson v. Miller, 211 F.3d 57, 63 (3d Cir. 2000), the Third Circuit stated:

> the Juvenile Act, 42 Pa.Cons.Stat. §6501 *et seq*., restricts access to "files and records of the court" related to proceedings under the Act, which include custody disputes, delinquency proceedings, et cetera. Such files are to be kept confidential, except that certain excepted persons, including parties "and their counsel and representatives" are permitted to view the documents contained therein. Even those granted access by an exception to the general confidentiality rule, however, "shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court." 42 Pa.Cons.Stat. §6307(2).

The court finds that Capone's juvenile records pertaining to the dates she was in juvenile detention from 2010 through 2012 may be relevant to her defense in her federal criminal trial and that she has a legitimate interest in her stated juvenile records. In fact, during the mentioned conference call with counsel, it was agreed by Capone's counsel that Sikorski need only produce the dates that Capone was in juvenile detention from 2010 through 2012. It

9

was also agreed that the remaining information in Capone's juvenile records which she subpoenaed need not be produced.

## IV.   CONCLUSION

Based on the foregoing, the court will **GRANT IN PART** and **DENY IN PART** the motion to quash subpoenas filed by Judge Worthington and Bernard Sikorski, **(Doc. 731)**, as specified herein. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 4, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2015 CRIMINAL MEMORANDA\15-0214-08.wpd