## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 3:15-214** |
| **JORDAN CAPONE,** | : | **(JUDGE MANNION)** |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Presently before the court is Defendant Jordan Capone's, *pro se* motion to vacate, set aside, or correct sentence pursuant to 18 U.S.C. §2255. (**Doc. 1169**). Capone has served her sentence and is currently not in prison. Her petition challenges the court's determination that she must remain registered as a sex offender.

Upon review of the record in this case, Capone's §2255 motion, as well as the briefs of the parties, Capone's motion will be **DENIED** without the need for an evidentiary hearing.

## I.    BACKGROUND

On January 15, 2019, a superseding indictment was returned against Capone charging her with: conspiracy to distribute Schedule I and Schedule II controlled substances, including heroin, MDMA ("molly"), marijuana, cocaine base ("crack"), and Percocet, in violation of 21 U.S.C. §846; possession with intent to distribute MDMA ("molly"), a Schedule I controlled

substance, in violation of 21 U.S.C. §841(a)(1); possession with intent to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §841(a)(1); conspiracy to commit sex trafficking by force and coercion, in violation of 18 U.S.C. §1594(c); and four counts of sex trafficking by force and coercion, in violation of 18 U.S.C. §§1591(a)(1) and (b)(1)-(2). (Doc. 790). The indictment further alleged that: Capone was a member of a street gang called the "Black P-Stones," which "sexed-in" its female members, "forcing them to engage in sex with gang members"; that the gang engaged in drug distribution across New York, Pennsylvania, and Maine; and that the gang recruited women to engage in prostitution, advertised these victims on the internet, "used threats, force, and intimidation to coerce females to engage in prostitution," and "provided heroin and other drugs to females and used the females' addiction to drugs to coerce them into working as prostitutes." *Id.*

On March 15, 2019, Capone entered into a plea agreement with the Government. (Doc. 845).

On March 22, 2019, Capone appeared before the court and pleaded guilty to distribution and possession with intent to distribute "molly" (MDMA), in violation of 21 U.S.C. §841(a)(1), and conspiracy to commit sex trafficking

by force and coercion, in violation of 18 U.S.C. §1594(c). (Doc. 852). The additional charges were dismissed.

On August 27, 2019, the court sentenced Capone to a term of imprisonment of eighty-four months on both charges, to be served concurrently, followed by five years of supervised release. (Doc. 917). The court further ordered that Capone "must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense." *Id.*

On September 10, 2019, Capone filed an appeal to the Third Circuit. (Doc. 925).[1] On June 16, 2020, the Third Circuit granted summary affirmance to the Government and terminated the appeal. (Doc. 1005).

On February 14, 2023, Capone was released from Bureau of Prisons ("BOP") custody following her imprisonment.[2]

Capone filed the instant motion to vacate on May 29, 2025, (Doc. 1169), and her accompanying brief that same day, (Doc. 1170). Following extensions of time to file, the Government filed its brief in opposition on

---

[1] Third Circuit Case No. 19-3083.
[2] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

October 14, 2025. (Doc. 1182). Capone's reply brief was due October 28, 2025, but none was filed. The matter is now ripe for review.

## II.    LEGAL STANDARD

When a district court imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see also United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

A §2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. United States*, 2010 WL 2545547, *2 (W.D.Pa. 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as

- 4 -

to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, *2 (M.D.Pa. 2008) (quoting *Mallet v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing," "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Williams v. United States*, 2016 WL 6892375, *2 (M.D.Pa. 2016) (internal citations omitted).

## III. DISCUSSION

### a. Timeliness

Under 28 U.S.C. §2255(f)(1), a petitioner must file their motion within 1-year of the conviction becoming final. However, if new facts supporting the claim emerge later, and could not have been discovered earlier through the exercise of due diligence, then the petitioner has 1-year from the date that those facts *could* have been discovered through due diligence. 28 U.S.C. §2255(f)(4).

Here, the Third Circuit disposed of Capone's appeal on June 16, 2020, over five years ago. (Doc. 1005). The judgment became final ninety days after the Third Circuit's summary affirmance of the conviction, on September 14, 2020. *United States v. Davies*, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). Capone filed her motion on May 29, 2025, over four-and-a-half years after the judgment became final, and over three-and-a-half years after the deadline. (Doc. 1169). The Government argues that, therefore, the court should decline to consider Capone's motion due to the 1-year filing deadline. (Doc. 1182 at 14-15).

However, Capone argues that her motion is timely because "the statutory and constitutional grounds for challenging the sex offender registration requirement were newly discovered by Petitioner in early 2025 and could not have been reasonably known or raised earlier." (Doc. 1170 at 1). Capone offers no additional information as to why she could not have "known" what she professes to know or could not raised her arguments earlier. Furthermore, Capone merely claims that she has recently learned of "statutory and constitutional grounds," i.e., legal grounds, rather than new *facts* pertaining to her case. The court discerns no reason Capone could not have researched and discovered these supposed grounds four-plus years

ago. Even if she could not have, §2255(f)(4) contemplates the discovery of new facts that could have had a significant impact on the case, not a petitioner's renewed reading of the law post-conviction, sentencing, and imprisonment.

Thus, Capone's motion was not timely filed, and the motion will be denied.

### b. Merits

Even if Capone's motion was timely filed, it would be denied on the merits. First, because her guilty plea was both voluntary and counseled. Second, because the Sex Offender Registration and Notification Act ("SORNA") applies to her. Third, because her due process arguments are without merit. Analysis of these reasons follows.

### i. Capone's plea was voluntary and counseled.

When a petitioner files a §2255 motion to challenge a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Furthermore, "When a defendant stipulates to a point in a plea agreement, he 'is not in a position to make . . . arguments to [the contrary].'" *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (quoting *United States v. Melendez*, 55 F.3d 130, 136 (3d Cir. 1995)).

Here, Capone was represented by counsel in her guilty plea. She does not dispute this, nor does she bring forth an ineffective assistance of counsel argument in her motion.

Furthermore, Capone's guilty plea was voluntary. She not only signed the written plea agreement that the Government offered, (Doc. 845 at 27), but also pled guilty in front of the court after a thorough colloquy and signed her guilty plea. (Doc. 852). She makes no argument that her plea was involuntary.

Finally, the plea agreement that Capone herself signed states, in relevant part:

> The defendant [Capone] understands that the court, as a condition of supervised release or probation, must order the defendant to comply with all sex offender requirements under the Sex Offender Registration and Notification Act and that, if applicable, the defendant must register and keep registration current and accurate . . . A failure to comply with these and any other obligations may subject the defendant to prosecution under federal law . . .

(Doc. 845 at 22). It further states:

> The defendant [Capone] agrees that the defendant has discussed this case and this plea agreement with the defendant's attorney who has advised the defendant of the defendant's constitutional and other trial and appeal rights, the

- 8 -

> nature of the charges, the elements of the offenses . . . and
> other potential consequences of pleading guilty in this case.

*Id.* at 26. Thus, Capone acknowledged that she understood the SORNA requirement at the time of her plea. Capone seeks to avoid the burdens of a guilty plea after reaping the benefits. The court, thus, finds that Capone's plea was voluntary and counseled, and, therefore, that her attempt at challenging it is without merit.

### ii. SORNA applies to Capone.

Even setting aside that Capone's motion was not timely and that her guilty plea was voluntary and counseled, the court notes that SORNA properly applies to Capone. Her arguments to the contrary are mistaken.

Under 34 U.S.C. §20911(1), "the term 'sex offender' means an individual who was convicted of a sex offense." A "sex offense" includes "a Federal offense . . . under section 1591," as well as "an attempt to commit [such] an offense." 34 U.S.C. §20911(5)(A)(iii), (v).

Here, Capone was convicted of conspiracy to commit sex trafficking by force and coercion, in violation of 18 U.S.C. §1594(c). The offenses that Capone and her co-conspirators were charged with conspiring to commit were 18 U.S.C. §§1591(a) and (b)(1) violations. (Doc. 790 at 10). Thus, Capone's offense qualifies as a "sex offense" under 34 U.S.C. §20911, and

she is, therefore, a "sex offender." As such, she is required to register under SORNA.

Finally, under 34 U.S.C. §20913(a), a "sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." As a Pennsylvania resident, this means that, in addition to registering with SORNA, Capone must also comply with the Commonwealth of Pennsylvania's sex offender registration laws. Whether Capone actually has to register is a decision for Pennsylvania to make. *United States v. Sedlak*, 529 F.App'x 253, 255 (3d Cir. 2013) ("The District Court did not commit any reversible error by requiring [the defendant] to comply with the requirements of the sex offender registration agency in any state where he resides or works because whether or not he actually has to register as a sex offender is a matter of state law"). If, following this decision, Capone wishes to renew her challenge of whether Pennsylvania's sex offender registry requirement, i.e., "Meghan's Law," correctly applies to her, she must raise that issue in Pennsylvania; this court does not have the authority to adjudicate that.

### iii. Capone's due process arguments are without merit.

Capone raises the following additional arguments: first, that the "Supreme Court [has] recognized that sex offender registries impose 'serious

restraints' on liberty protected by due process"; second, that "registry restrictions resemble criminal punishment due to severe limitations on registrants' ability to work and live freely"; and third, that "The severe intrusion into Petitioner's parental rights further illustrates that the registry obligations imposed upon her resemble punitive measures and inflict unconstitutional burdens, in violation of her liberty interests protected by the Fifth Amendment." (Doc. 1170 at 2-3).

Turning to Capone's first argument, Capone cites *Smith v. Doe*. 538 U.S. 84 (2003). Capone claims that the Supreme Court "recognized that sex offender registries impose 'serious restraints' on liberty protected by due process." (Doc. 1170 at 2). This reading is mistaken. Nowhere in the opinion did the Court use the phrase "serious restraints." Furthermore, the Court upheld a Ninth Circuit decision finding that Alaska's sex offender registration system does not violate the Constitution. The Court made no determination that any restraints violated due process. Indeed, the Court aptly noted that "The [Alaska Registration] Act's rational connection to a nonpunitive purpose is a '[m]ost significant' factor in our determination . . . the Act has a legitimate nonpunitive purpose of 'public safety, which is advanced by alerting the public to the risk of sex offenders in their community.'" *Smith v. Doe*, 538 U.S. 84, 102 (2003).

With respect to Capone's second argument, Capone relies on a Sixth Circuit case, *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), which she claims "held that registry restrictions resemble criminal punishment due to severe limitations on registrants' ability to work and live freely." (Doc. 1170 at 2-3). Capone again mischaracterizes the court's discussion. In that case, the court was considering whether Michigan's state sex offender registration laws imposed civil regulations or retroactive criminal punishment. *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016). The court notes that that case is not relevant here. This court is bound by decisions of the Third Circuit and the Supreme Court. Furthermore, in the aforementioned *Smith v. Doe* case, the Supreme Court characterized the sex offender registration statute at issue as less restrictive than probation or supervised release. *Smith v. Doe*, 538 U.S. 84, 101 (2003). Thus, sex offender registry restrictions do not *per se* resemble criminal punishment as Capone suggests.

Finally, Capone's third argument—that the burdens that being a sex offender has placed upon her as a parent violate the Fifth Amendment—is similarly without merit. While it is unfortunate for her children that Capone's status as a sex offender has negatively impacted her ability to parent, there is simply no Fifth Amendment violation. The Supreme Court has reviewed SORNA and provisions therein on numerous occasions. SORNA's current

- 12 -

rules and procedures comply with Court rulings. Simply, the Supreme Court has not found that parents get a "pass" from federal laws requiring sex offenders to register with SORNA and comply with its rules.

## IV.    EVIDENTIARY HEARING

Although neither party requests an evidentiary hearing, it is worth addressing. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992) (The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case conclusively show that the movant is not entitled to relief.") (citation omitted). However, the court need not accept the petitioner's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record." *Patton v. United States*, 2010 WL 3191887, *1 (W.D.Pa. 2010) (citing *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988).

Here, the court finds that Capone is not entitled to an evidentiary hearing because the record conclusively establishes that she is not entitled

to the relief sought in her §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## V.    CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Capone has not shown either the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of her claims.

## VI.    CONCLUSION

Based on the foregoing, Capone's motion to vacate will be **DENIED** without an evidentiary hearing. An appropriate order shall follow.

*s/ Malachy E. Mannion*

**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 3, 2025**
15-214-11